[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 192.]

THE STATE EX REL. WALLS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Walls v. Indus. Comm*., 2000-Ohio-51.]

*Workers' compensation—Industrial Commission does not abuse its discretion in extending R.C. 4123.522 relief, when.*

(No. 99-118—Submitted July 6, 2000—Decided October 25, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD12-1704.

_____

{¶ 1} Appellant-claimant Douglas Walls was fired by appellee Wire Products Company, Inc. ("WPC") on May 22, 1995, for unexcused absences. Months later, claimant filed a workers' compensation claim with appellee Industrial Commission of Ohio, alleging that he had injured his back on February 15, 1995, while working for WPC. A claim representative of the Bureau of Workers' Compensation contacted WPC for further information. WPC had no knowledge of the alleged incident and denied the claim. A July 1996 letter from WPC promised to send additional information substantiating its objection and its belief that the claim was fraudulent.

{¶ 2} Twice during the next two weeks, WPC sent information to the bureau. Claimant's employment and discharge records were provided, as well as a statement from James A. Krosky, WPC's human resources manager, which related claimant's alleged statement that his back condition was not work-related. The bureau acknowledges prompt receipt of this information, but due to mishandling, it did not reach the appropriate claim examiner's hands until after she had allowed the claim, without hearing, on July 26, 1996.

{¶ 3} On July 31, 1996, WPC's evidence was discovered. The bureau informed WPC that the claim was to be set for commission hearing due to the newly

discovered evidence. Presumably in reliance on this representation, WPC did not timely appeal the July 26, 1996 order, but eventually filed a document treated as a notice of appeal on August 25, 1996.

{¶ 4} In that appeal on November 1, 1996, the district hearing officer ("DHO") found that the injury was not due to employment and denied the claim. Claimant appealed. A staff hearing officer reversed the DHO and reinstated the bureau's order after finding that WPC had not timely appealed the July 26, 1996 bureau order.

{¶ 5} Both the bureau and WPC appealed. The appeals were denied. WPC also filed for relief under R.C. 4123.522, claiming that its representative, Continental Industrial Consultants ("CIC"), had never received the July 26, 1996 order. Relief under R.C. 4123.522 was granted, and WPC was allowed to file a late appeal of that order. On April 23, 1997, the claim was reheard on this appeal, and it was again denied as unrelated to employment. That order was affirmed on administrative appeal.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in allowing a later administrative appeal under R.C. 4123.522. The court denied the writ after finding that claimant had an adequate remedy at law via appeal to a court of common pleas of the eventual order denying his claim.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*Shapiro, Kendis & Associates* and *Daniel L. Shapiro,* for appellant.

*Betty D. Montgomery*, Attorney General, and *C. Bradley Howenstein*, Assistant Attorney General, for appellee Industrial Commission.

*Roetzel & Andress* and *Doug S. Musick*, for appellee Wire Products Co., Inc.

_____

***Per Curiam.***

**{¶ 8}** R.C. 4123.522 entitles the employer's representative to notice of all orders, determinations, and decisions issued by the bureau or commission. If an entity entitled to notice, through no fault or neglect of its own, does not receive an order, the statute provides relief by permitting it to file a belated appeal to the order, once discovered. At issue is the means by which to challenge that relief and the propriety of that relief. We, like the court below, deny a writ of mandamus, but do so for different reasons.

**{¶ 9}** R.C. 4123.512(A) declares appealable any commission decision "other than a decision as to the extent of disability." After much confusion, a workable interpretation of the statute arose in *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. As here, the claimant in *Afrates* challenged the propriety of R.C. 4123.522 relief proceedings on the claim's initial allowance. In finding the issue nonappealable, *Afrates* held that only decisions involving the claimant's right to participate in the workers' compensation system were appealable.

**{¶ 10}** *Afrates* was followed by *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 238, 594 N.E.2d 609, 611, which ruled that a decision does not "determine an employee's right to participate in the State Insurance Fund unless the decision finalizes the allowance or disallowance of the employee's claim." It stressed that "[c]ertain decisions obviously do not involve the claimant's right to participate," citing specifically the ruling in *Afrates* on .522 relief. *Id.* at 239, 594 N.E.2d at 611.

**{¶ 11}** *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 602 N.E.2d 1141, elaborated. It approved *Afrates*, noting:

"The courts simply cannot review all the decisions of the commission if the commission is to be an effective and independent agency. Unless a narrow reading of R.C. 4123.519 [now 4123.512] is adhered to, almost every decision of the

commission, major or minor, could eventually find its way to common pleas court." *Id*. at 238, 602 N.E.2d at 1144.

{¶ 12} *Felty* clarified *Evans*, stating:

"A 'claim' in a workers' compensation case is the basic or underlying request by an employee to participate in the compensation system because of a specific work-related injury or disease. A decision by the commission determines the employee's right to participate if it finalizes the allowance or disallowance of an employee's 'claim.' [Therefore, the] only action by the commission that is appealable under R.C. 4123.519 is this essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system." *Id*. at 239, 602 N.E.2d at 1145.

{¶ 13} An objection to R.C. 4123.522 relief does not fit this criterion. Again, as *Felty* indicates, "requests by a litigant for additional activity in a case, for temporary suspension of the claim, or for one of the myriad interlocutory orders the commission may issue in administering a case are not 'claims.' " *Id*. at 239, 602 N.E.2d at 1145-1146.

{¶ 14} These cases invalidate the court of appeals' reliance on the unreported case of *Calhoun v. Indus. Comm*. (Aug. 21, 1986), Franklin App. No. 85AP-1093, 1986 WL 9115. *Calhoun* in effect ruled that a .522 issue was subsumed by the underlying merit issue and accordingly took on its character as a decision on the right to participate or as another decision, and could later be appealed with the decision on the merit issue if that decision was appealable. *Calhoun* was, however, decided before *Afrates, Evans*, and *Felty*, which negates its continued viability.

{¶ 15} Accordingly, we find that the challenge to the commission's grant of relief pursuant to R.C. 4123.522 is not appealable and is properly before us on appeal of the denial of a writ of mandamus. We turn, therefore, to the contention

that the commission abused its discretion in reopening the merits of the allowance. Upon review, we find that the commission did not abuse its discretion.

{¶ 16} R.C. 4123.522 reads:

"The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *.

"If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative, and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission."

{¶ 17} The employer's representative, CIC, did not receive the July 26, 1996 initial allowance order. The commission and employer rest on that fact. Claimant responds that nonreceipt is not enough. Quoting the statute, claimant argues that nonreceipt must be unattributable to employer fault or neglect. Claimant asserts employer neglect in failing to inform the bureau that it had a representative.

{¶ 18} Claimant relies on the lack of an appropriate authorization card, letter, or affidavit in the claim file as of the time of the initial allowance order as evidence that the employer had not informed the bureau that it was represented. Claimant argues that WPC knew at least two and one-half weeks before the disputed order that a claim had been filed against it. From this, claimant concludes that WPC had not informed the bureau that it had a representative, nor did it tell its representative of a pending claim, so that the representative, in turn, could tell the bureau.

{¶ 19} Ohio Adm.Code 4121-3-22(A) provides:

"Authorization for representation shall be in writing and signed by the authorizing party. When the authorization is on behalf of the employee, there shall be a separate authorization filed with the bureau for each claim to which the authorization is to extend, and the authorization shall be made a part of the claim file. When the authorization is on behalf of the employer, a blanket authorization may be filed with the claims section in Columbus or with the local district office."

{¶ 20} Contrasting the separate authorizations required of a claimant's representative with the blanket authorization required of an employer's representative leads to the conclusion that an employer need only provide the bureau with an initial one-time notification of representation that will cover all future claims. Thus the lack of notice of representation in the file for this particular claim provides no basis for inferring that notice had never been given and is consistent with employer CIC's assertion that CIC had been WPC's authorized representative since the mid-1970s.

{¶ 21} Having found no duty on the part of WPC or its representative that was breached, we find that nonreceipt of the disputed order was not due to neglect or fault. The commission did not, therefore, abuse its discretion in extending R.C. 4123.522 relief.

{¶ 22} For the reasons stated above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

————————————