DECISION
{¶ 1} Relator, Donna Miesse, has filed this original action in mandamus requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order granting relief pursuant to R.C. 4123.522 to respondent Holophane Corporation with respect to the commission's mailing of a tentative order on June 15, 2002 granting relator's application for permanent total disability compensation.
 {¶ 2} This court referred the matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that relator had failed to demonstrate that respondent commission had abused its discretion and that this court should deny the requested relief.
 {¶ 3} Relator filed an objection to the decision of the magistrate rearguing the central issue in the magistrate's decision. For the reasons stated in the decision of the magistrate, the objection is overruled.
 {¶ 4} Following independent review, pursuant to Civ.R. 53, we find that the magistrate has identified the relevant facts and applied the salient law to them. Accordingly, we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objection overruled; writ denied.
WATSON and SADLER, JJ., concur.
 DECISION IN MANDAMUS {¶ 5} In this original action, relator, Donna Miesse, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order granting relief pursuant to R.C.4123.522 to respondent Holophane Corporation with respect to the commission's mailing of a tentative order on June 15, 2002 that grants relator's application for permanent total disability ("PTD") compensation.
Findings of Fact:
 {¶ 6} 1. On August 24, 1990, relator sustained an industrial injury which is allowed for: "lower back strain; aggravation of depressive disorder," and is assigned claim number L52680-22. Holophane Corporation ("Holophane") is the self-insured employer on the industrial claim.
 {¶ 7} 2. On November 15, 2001, relator filed an application for PTD compensation.
 {¶ 8} 3. On November 21, 2001, the commission mailed the "acknowledgement letter" required by Ohio Adm. Code 4121-3-34(C)(2). The acknowledgement letter in-forms the parties and their representatives that the PTD application has been filed. It also informs of the commission's rules regarding the processing of PTD applications. The commission's November 21, 2001 acknowledgement letter was mailed to Holophane and to three workers' compensation service companies, one of which was "GAB Robins North America," which had been Holophane's authorized representative of record. Apparently, the other two workers' compensation service companies that received the letter had never been Holophane's authorized representatives of record.
 {¶ 9} 4. On January 8, 2002, Lori A. Fricke, Esq. ("Ms. Fricke"), of the law firm Hanna, Campbell Powell, LLP, wrote to the commission's hearing administrator to request a 30-day extension for the filing of the employer's medical evidence regarding the PTD application. Ms. Fricke's letter, which was copied to relator's counsel, stated in part:
 {¶ 10} "* * * This request is being made as the Acknowledgement Letter in connection with this Application was sent to GAB Robins North America, who is no longer the third party administrator for this Employer. Gallagher Bassett Services, Inc. is the current third party administrator, as your computer should reflect. However, Gallagher Bassett Services only recently received the Acknowledgement Letter after it was forwarded by GAB Robins North America. In addition, my office was only recently retained to assist in the defense of the PTD Application. As such, additional time is needed to arrange for the scheduling of an independent medical examination and the Employer respectfully requests a 30 day extension to do so. * * *"
 {¶ 11} 5. On January 17, 2002, relator was examined, at Holophane's request, by John Cunningham, M.D., who thereafter issued a report of his examination.
 {¶ 12} 6. By letter dated January 22, 2002, Ms. Fricke, acting in the capacity as Holophane's attorney, submitted a copy of Dr. Cunningham's report to the commission's hearing section.
 {¶ 13} 7. On January 23, 2002, relator's counsel, William R. Hamelberg, Esq., wrote to Gallagher Bassett Services, Inc. ("Gallagher Bassett") to request reimbursement from Holophane for relator's travel expenses relating to her examination by Dr. Cunningham.
 {¶ 14} 8. On April 16, 2002, Mr. Hamelberg wrote to Gallagher Bassett asking that a change of physician request be forwarded to Holophane.
 {¶ 15} 9. On June 15, 2002, a commission staff hearing officer ("SHO") mailed a tentative order granting relator's PTD application based upon Dr. J.H. Rutherford's report. The tentative order was mailed to Holophane and to GAB Robins North America. The tentative order was not mailed to Gallagher Bassett or to Ms. Fricke.
 {¶ 16} 10. On August 2, 2002, Holophane, through Ms. Fricke, moved for relief pursuant to R.C. 4123.522. Holophane claimed that Gallagher Bassett was its representative and that the commission had failed to mail the tentative order to Gallagher Bassett. Holophane requested that the commission permit it to file an objection to the tentative order.
 {¶ 17} 11. Following an October 2, 2002 hearing, an SHO granted Holophane's motion for R.C. 4123.522 relief. The SHO's order states:
 {¶ 18} "The employer and employer's representative failed to receive notice of the Tentative Order granting permanent total disability, mailed 06/15/2002.
 {¶ 19} "Therefore, the order mailed 06/15/2002 is vacated. Refer to Hearing Administrator for processing and then set the matter on the next available permanent total docket."
 {¶ 20} 12. Relator moved for commission reconsideration of the SHO's order of October 2, 2002. On November 9, 2002, the commission mailed an order denying reconsideration.
 {¶ 21} 13. The certified record before this court contains an R-1 card captioned "Authorization of Representative of Employer" which a Holophane official apparently executed on April 1, 2000. The R-1 card dated April 1, 2001, states that Holophane's representative is "GAB Robins."
 {¶ 22} There is no stipulation from the parties as to when the R-1 card dated April 1, 2000 was actually filed with the Ohio Bureau of Workers' Compensation ("bureau"). However, the magistrate observes that the R-1 card dated April 1, 2000 appears to contain a filing date of October 24, 2000, as evidence by a series of dots or perforations that produce "10·24·00." At oral argument the magistrate made this observation to counsel without objection. (See Certified Record of the commission at 14.)
 {¶ 23} 14. The record before this court also contains an R-1 card captioned "Authorization of Representative of Employer" which a Holophane official apparently executed on January 14, 2002. The R-1 card dated January 14, 2002, states that Holophane's representative is "Lori A. Fricke, Hanna, Campbell Powell." The R-1 card dated January 14, 2002, contains a commission date/time stamp of July 1, 2002. At oral argument before the magistrate, relator's counsel pointed out that the July 1, 2002 date/time stamp is evidence that the R-1 card dated January 14, 2002 was not filed with the commission until July 1, 2002, after the June 15, 2002 mailing of the tentative order. At oral argument, neither the assistant attorney general nor counsel for Holophane could point to any other evidence in the record as to when the R-1 card dated January 14, 2002 was filed with the commission or bureau. The magistrate, at oral argument, stated to counsel without objection that he could not assume that the R-1 card dated January 14, 2002 was on file with the bureau or commission prior to July 1, 2002. (See Certified Record the commission at 13.)
 {¶ 24} 15. The record before this court also contains a notice stating:
 {¶ 25} "All Holophane Corporation Handle By:
 {¶ 26} "Gallagher Bassett Services
 {¶ 27} "5450 Frantz Road, Suite 220
 {¶ 28} "Dublin, OH 43016"
 {¶ 29} 16. The magistrate observes that the above-described notice contains an apparent filing date of August 13, 2002, as evidenced by a series of dots or perforations that produce "08·13·02." Above that, the dots or perforations produce "BWC··CSON." This observation was pointed out to counsel by the magistrate at oral argument. The magistrate stated to counsel without objection that it appears that the notice was filed with the bureau on August 13, 2002, i.e., after the mailing of the tentative order. (See Certified Record of the commission at 12.)
 {¶ 30} 17. On October 25, 2002, relator, Donna Miesse, filed this mandamus action.
Conclusions of Law:
 {¶ 31} The issue is whether the commission abused its discretion by granting Holophane's motion for R.C. 4123.522 relief. Finding that the commission did not abuse its discretion, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 32} R.C. 4123.522 states:
 {¶ 33} "The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice * * *. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 {¶ 34} "If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. * * *"
 {¶ 35} The tentative order mailed June 15, 2002, was apparently issued pursuant to Ohio Adm. Code 4121-3-34(C)(6) which states:
 {¶ 36} "(a) After the reports of the commission medical examinations have been received, the hearing administrator may refer the claim to an adjudicator to consider the issuance of a tentative order, without a hearing.
 {¶ 37} "(i) Within thirty days of the receipt of the tentative order adjudicating the merits of an application for compensation for permanent and total disability, a party may file a written objection to the order. Unless the party notifies the industrial commission in writing of the objection to the tentative order within thirty days after the date of receipt of notice of the findings of the tentative order, the tentative order shall become final.
 {¶ 38} "(ii) In the event a party makes written notification to the industrial commission of an objection within thirty days of the date of the receipt of the notice of findings of the tentative order, the application for compensation for permanent and total disability shall be set for hearing and adjudicated on its merits."
 {¶ 39} A rule of the bureau is set forth at Ohio Adm. Code4123-3-22. Captioned "Inspection of claim files," the rule states:
 {¶ 40} "(A) Authorizations for representation shall be in writing and signed by the authorizing party. * * * When the authorization is on behalf of the employer, a blanket authorization may be filed with the claims section in Columbus and with the local district and/or branch office.
 {¶ 41} "* * *
 {¶ 42} "(C) An authorization may be cancelled by the filing of a notice to that effect with the bureau or by filing of a new authorization to another representative. In either event, the party should notify the former representative of his action."
 {¶ 43} A similar rule of the commission is set forth at Ohio Adm. Code 4121-3-22.
 {¶ 44} In State ex rel. LTV Steel Co. v. Indus. Comm. (2000),88 Ohio St.3d 284, 286-287, the court states:
 {¶ 45} "Employers and their representatives are entitled to receive notice from the commission under R.C. 4123.522, but that right is not self-executing. As the court of appeals found, the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. Weiss v. Ferro Corp. (1989),44 Ohio St.3d 178, 180 * * *. Only if the commission makes these findings does the moving party become unconditionally entitled to what amounts to a second notice of a commission order. * * *" (Emphasis sic.)
 {¶ 46} If this court's mandamus review were limited to the R-1 cards of record and the August 13, 2002 notice (see Findings of Fact Nos. 13-15) the magistrate would be compelled to conclude that the commission correctly mailed the tentative order to Holophane's representative of record and that the commission had no duty to mail the tentative order to Gallagher Bassett or to Ms. Fricke. Under this limited type of review, the magistrate would be compelled to find that the commission, through its SHO, abused its discretion in granting R.C.4123.522 relief.
 {¶ 47} However, other evidence of record undisputedly shows that shortly after the PTD application was filed and long before the commission mailed its tentative order, the parties or participants in the processing of the application clearly understood that Ms. Fricke was Holophane's attorney and that Gallagher Bassett was Holophane's workers' compensation service company, i.e., authorized representative. As previously noted, on January 8, 2002, in response to the commission's acknowledgement letter, Ms. Fricke informed the commission's hearing administrator not only that she was Holophane's attorney but that Gallagher Bassett is the current "third party administrator." Thereafter, Mr. Hamelberg twice wrote to Gallagher Bassett seeking payment and approval from Holophane on behalf of his client.
 {¶ 48} Nevertheless, for reasons that are not entirely clear, an R-1 card authorizing Gallagher Bassett to be Holophane's representative prior to the mailing of the tentative order is not contained in the record.
 {¶ 49} There is evidence of record indicating that Gallagher Bassett had been experiencing a problem with the bureau's record keeping. In a letter dated August 7, 2002, a Gallagher Bassett claims supervisor informed the bureau that the bureau had erroneously sent documents to Holophane's previous third party administrator, GAB Robins. In the August 7, 2002 letter, the Gallagher Bassett claims supervisor states:
 {¶ 50} "Please note that an AC-2 updating the employer's representative has been filed with the State on two separate occasions. We have again filed the AC-2 a third time in an effort to ensure all correspondence and pertinent file information is being sent to Gallagher Bassett Services, Inc. instead of GAB Robbins [sic]. We hope that this problem will be rectified in the next 30 days."
 {¶ 51} Of course, the August 7, 2002 letter does not necessarily show that fault lies with the commission or bureau. It does tend to show, however, that Gallagher Bassett was experiencing problems with its authorization and that it was attempting to remedy the situation.
 {¶ 52} R.C. 4123.522 provides that the employer is deemed not to have received notice of an order until the notice is received by both the employer and his "representative of record." The phrase "representative of record" is not defined by the Ohio Administrative Code. While the rule set forth at Ohio Adm. Code 4123-3-22(A) requires that "authorizations for representation shall be in writing and signed by the authorizing party," it must be observed that the rule is captioned "Inspection of claim files." The rule itself does not directly indicate that it is related to the notice requirements of R.C. 4123.522. However, in practice, the commission apparently does employ the rule to determine who shall be mailed a copy of its order. See State ex rel. Walls v. Indus. Comm. (2000), 90 Ohio St.3d 192, 196.
 {¶ 53} In the magistrate's view, neither the bureau's Ohio Adm. Code 4123-3-22 nor the commission's Ohio Adm. Code 4121-3-22 can be read as setting forth the exclusive manner in which a party must notify the commission or bureau as to who its authorized representative may be for purposes of satisfying R.C. 4123.522's notice requirement.
 {¶ 54} Here, the commission's hearing administrator was clearly informed that Ms. Fricke was Holophane's attorney of record and that Gallagher Basset was Holophane's third-party representative. Moreover, the parties undisputedly understood this during the processing of the PTD application. Under such circumstances, the commission appropriately exercised its discretion in holding that the mailing of the tentative order did not satisfy R.C. 4123.522's notice requirement.
 {¶ 55} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.