THE STATE EX REL. MIESSE, APPELLANT, *v.* HOLOPHANE
CORPORATION ET AL., APPELLEES.

[Cite as *State ex rel. Miesse v. Holophane Corp.,*
**102 Ohio St.3d 70, 2004-Ohio-1808.**]

(No. 2003–1543—Submitted March 31, 2004–Decided April 28, 2004.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Donna Miesse, has an allowed workers' compensation claim for an injury sustained with appellee Holophane Corporation, her self-insured employer. On November 15, 2001, claimant moved for permanent total disability compensation ("PTD"). Six days later, appellee Industrial Commission of Ohio sent a "Permanent Total Application Acknowledgement Letter" to, among others, Holophane Corporation and GAB Robins North America. On January 8, 2002, the commission received this letter from attorney Lori A. Fricke:

{¶ 2} "I am writing with respect to the Acknowledgement Letter my office recently received in the above-referenced claim in connection with a PTD Application filed on behalf of Claimant. I am writing to request a 30 day extension for the filing of medical evidence. This request is being made as the Acknowledgement Letter in connection with this Application was sent to GAB Robins North America, who is no longer the third party administrator for this Employer. Gallagher Bassett Services, Inc. is the current third party administrator, as your computer should reflect. However, Gallagher Bassett Services only recently received the Acknowledgement Letter after it was forwarded by GAB Robins North America. In addition, my office was only recently retained to assist in the defense of the PTD Application. As such, additional time is needed to arrange for the scheduling of an independent medical examination and the Employer respectfully requests a 30 day extension to do so. The Employer, without delay, has scheduled a medical exam, as evidenced by the attached notice letter."

{¶ 3} On January 22, 2002, Fricke sent another letter reiterating that "[t]his office represents the Employer in the above-referenced claim." Despite this second notification, the problem was not rectified. On August 7, 2002, Gallagher

Bassett Services reported to the Bureau of Workers' Compensation the former's failure to receive a particular bill for claimant's treatment:

{¶ 4} "Gallagher Bassett assists Holophane Corporation in the administration of their self-insured workers' compensation program. As a result, Holophane Corp. forwarded a copy of the Self–Insured Complaint # : 12358 to our attention for review and response.

{¶ 5} "Review of Complaint # 12358 indicates that the company is in violation for non-payment of a Specialist fee bill.

{¶ 6} "Please be advised that a copy of the notification of exam scheduled with both Dr. Rutherford and Dr. Brown on February 28, 2002 was originally sent to the previous TPA for Holophane Corp., GAB Robbins [sic]. In addition, the subsequent self-insured complaint was carbon copied to GAB Robbins [sic] as well. Therefore, we can assume that the original specialist's exam bill was sent to GAB Robbins [sic], as this office has never received a copy of the bill.

{¶ 7} "Upon receipt of the specialist's exam bill attached to the complaint, payment was made to Dr. Donald Brown immediately. Attached please find a copy of the payment screen verifying payment has been made.

{¶ 8} "Please note that an AC–2 updating the employer's representative has been filed with the State on two separate occasions. We have again filed the AC–2 a third time in an effort to ensure all correspondence and pertinent file information is being sent to Gallagher Bassett Services, Inc. instead of GAB Robbins [sic]. We hope that this problem will be rectified in the next 30 days."

{¶ 9} In the meantime, the commission, on June 15, 2002, issued a tentative order granting PTD. The order was sent to GAB Robins North America and Holophane but not to Fricke or Gallagher Bassett Services.

{¶ 10} At some point after the appeal period expired, Holophane's representatives learned of the PTD award. On August 2, 2002, Holophane, through its counsel, moved for relief under R.C. 4123.522. The statute provides:

{¶ 11} "The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *.

{¶ 12} "If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission."

{¶ 13} A staff hearing officer granted the motion. He vacated the PTD order and ordered the matter reset for hearing. Claimant responded with a mandamus

complaint in the Court of Appeals for Franklin County. The court, in turn, upheld the SHO order, based on the lack of notice to Holophane's representatives.

{¶ 14} This cause is now before this court upon an appeal as of right.

{¶ 15} R.C. 4123.522 entitles an employer's representative to notice of all determinations, orders, awards, and decisions rendered by the bureau or commission. If, without fault of its own, an employer's representative does not receive notice, the statute allows it to file a belated appeal from the order, once the order is discovered. Claimant does not dispute that neither Fricke nor Gallagher Bassett Services was sent a copy of the June 15, 2002 PTD order. Instead, the parties debate whether Fricke and Gallagher Bassett Services were entitled to notice. We find that they were.

{¶ 16} A party entitled to notice who fails to receive it nonetheless is afforded relief only if the omission "was due to cause beyond the control and without the fault or neglect of such person or his representative." R.C. 4123.522. Claimant asserts that no written authorization naming Fricke or Gallagher Bassett Services as Holophane's representative was filed with the bureau or commission until after the PTD order was sent. Therefore, according to claimant, the failure to receive notice was Holophane's fault. We disagree.

{¶ 17} We suspect that claimant's position is premised on the absence of an R–1 "authorization of representative of employer" form in claimant's workers' compensation claim file at the time the controversial order was sent. This argument, however, can succeed only if the R–1 form is the exclusive means to register authorization with the commission or bureau. Upon review, we do not find that to be the case.

{¶ 18} In *State ex rel. Walls v. Indus. Comm.* (2000), 90 Ohio St.3d 192, 736 N.E.2d 458, we found that Ohio Adm.Code 4121–3–22(A) set forth the filing and content requirements applicable to informing the bureau or commission that representation had been retained. That provision demands only that "[a]uthorization for representation shall be in writing and signed by the authorizing party." There is no requirement that authorization be in any particular form.

{¶ 19} We find, therefore, that the January 8, 2002 and January 22, 2002 letters from attorney Lori Fricke constitute an authorization of representation sufficient under the Ohio Administrative Code. Therefore, both Gallagher Bassett Services and Fricke were entitled to notification of the PTD order, and the commission's failure to provide it warranted relief under R.C. 4123.522.

{¶ 20} The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

William R. Hamelberg, for appellant.

Hanna, Campbell & Powell, L.L.P., and Lori A. Fricke, for appellee Holophane Corporation.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee Industrial Commission Ohio.