DECISION ON OBJECTIONS TO MAGISTRATE'S DECISION
{¶ 1} Relator, Claude T. Hicks, has requested a writ of mandamus ordering respondent Industrial Commission of Ohio ("the commission"), to vacate its order finding that the correct employer in relator's industrial claim is Drive-All, Inc. ("Drive-All"), and not Bestway Systems, Inc. ("Bestway"), and from exercising its continued jurisdiction to vacate the allowance of his claim against Bestway and remand the claim to the Ohio Bureau of Workers' Compensation to process the claim against Drive-All and issue an order addressing the allowance of the claim.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this case was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached Appendix A.) In his decision, the magistrate found that the commission's factual finding that Drive-All is the correct employer based upon relator's wage information, is, essentially, a finding that the initial order against Bestway was based upon a clear mistake of fact in that the order inaccurately identified Bestway as the employer. And given that neither Drive-All nor its representative received the notice mandated by R.C. 4123.522, the commission's factual finding also supported the conclusion that relator's claim allowance against Bestway was premised upon a clear mistake of law (failure to give notice to the proper party). The magistrate concluded that these mistakes in both law and fact provided the proper basis upon which the commission could exercise its continuing jurisdiction. Thus, based on the foregoing, the magistrate recommended that this court deny relator's request for a writ of mandamus.
 {¶ 3} Relator has filed objections to the magistrate's decision in which he essentially re-argues the same points addressed in the magistrate's decision. Relator again argues that since November 2002, Drive-All has received the Bureau of Workers' Compensation decisions, and thus, it was well aware of relator's claim but chose not to take any action. To support his position, relator points to the fact that Drive-All and Bestway share the same legal counsel and business address. For the reasons set forth in the magistrate's decision, however, we disagree. Therefore, the objections are overruled.
 {¶ 4} Following an independent review of the matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Bryant and French, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Claude T. Hicks, :
 Relator, :
v. : No. 04AP-47
Industrial Commission of Ohio, : (REGULAR CALENDAR)
Drive-All, Inc. and Bestway Systems, Inc., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on August 27, 2004 Urban Co., L.P.A., and Anthony P. Christine, for relator.
Jim Petro, Attorney General, and Gerald H. Waterman, for respondent Industrial Commission of Ohio.
Calfee, Halter Griswold LLP, Donald E. Lampert and Linda U.Elliott, for respondents Drive-All, Inc. and Bestway Systems, Inc.
In Mandamus
 {¶ 5} In this original action, relator, Claude T. Hicks, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order finding that the correct employer in the industrial claim is Drive-All, Inc. ("Drive-All"), rather than Bestway Systems, Inc. ("Bestway"), and on that basis, exercising continuing jurisdiction to vacate the allowance of the claim against Bestway and remand the claim to the Ohio Bureau of Workers' Compensation ("bureau") to process the claim against the correct employer and to issue a bureau order addressing the allowance issue.
Findings of Fact:
 {¶ 6} 1. The record contains a "First Report of an Injury, Occupational Disease or Death" ("FROI-1") which purports to be executed by relator. The bureau requires an injured worker to complete the FROI-1 to initiate a claim for workers' compensation benefits. On the FROI-1, relator alleged that he had sustained an occupational disease described as left carpal tunnel syndrome. The alleged date of diagnosis was listed as October 26, 2001. On the FROI-1, "Bestway Systems Industry [sic]" is listed as the employer. This industrial claim was assigned claim number 01-881788.
 {¶ 7} 2. On May 28, 2002, the bureau mailed an order denying the allowance of relator's industrial claim. The May 28, 2002 bureau order indicates that the employer to which it was copied was "Bestway Systems, Inc."
 {¶ 8} 3. Relator administratively appealed the May 28, 2002 bureau order. The appeal was heard by a district hearing officer ("DHO") on July 3, 2002. Only relator and his counsel appeared at the hearing. Thereafter, the DHO issued an order vacating the bureau's order and allowing the claim for "left carpal tunnel syndrome." The DHO's order indicates that it was mailed to Bestway Systems, Inc.
 {¶ 9} 4. There was no administrative appeal from the DHO's order of July 3, 2002.
 {¶ 10} 5. Subsequently, relator received temporary total disability ("TTD") compensation and surgical authorization in the industrial claim.
 {¶ 11} 6. By letter dated July 3, 2003, to the commission's hearing administrator, counsel representing both Bestway and Drive-All presented the following information and request:
This law firm was recently retained to represent the above named state-funded employer/risks. During our review of the above claim number, we noticed that the initial Bureau of Workers' Compensation Order (BWC) of May 28, 2002 charged the above claim to Risk 809870-0, Bestway Systems. The correct employer would have been Drive-All Inc. (risk 852244-0).
While this claim is now charged to the correct risk, [fn. 1] because this claim was initially incorrectly charged against Bestway Systems, Inc. (risk 809870-0), neither Drive-All Inc., (risk 852244-0) nor Compensation Specialist Co., their authorized representative since 1987 received the May 28, 2002 Bureau of Workers' Compensation Order, the Industrial Commission Notice of Hearing for July 2, 2002 [sic] or the ensuing District Hearing Officer Order allowing the claim. Thus, neither Drive-All nor Compensation Specialist Co. received the notice to which they are legally entitled.
[Fn. 1] It is unknown when the Bureau of Workers' Compensation changed the applicable risk number on this claim as no notice of the same was given to either risk number.
* * *
The employer respectfully requests that you grant our .52 Motion and Vacate the District Hearing Officer Order of July 3, 2002 and reset this claim on the issue of the allowance with claim 00-822292 included as a Reference claim.
 {¶ 12} 7. Following a September 9, 2003 hearing, a DHO issued an order stating:
It is the finding of the District Hearing Officer that the correct employer is found to be Drive-All, Inc. with risk number 852244-0.
After appeal period, file is hereby referred back to the BWC for further processing said claim against the above-stated employer Drive-All, Inc. and to issue a new BWC Tentative Order allowing or disallowing said claim against said employer.
 {¶ 13} 8. Relator administratively appealed the September 9, 2003 DHO order. Following a November 3, 2003 hearing, a staff hearing officer ("SHO") issued an order stating:
The order of the District Hearing Officer, from the hearing dated 09/09/2003, is affirmed. Therefore, the Employer's Motion, filed 8/1/2003, is granted to the extent of this order.
Based upon claimant's wage documentation herein, which was provided by Drive-All, Inc. (who is noted to be claimant's employer in reference claim 00-822292), the Hearing Officer concludes that the correct employer in this claim is Drive-All, Inc. with Risk Number 852244-0.
Therefore, it is ordered that the prior Bureau of Workers' Compensation and Industrial Commission orders herein, are hereby vacated and held for naught, pursuant to Section 4123.52 Ohio Revised Code.
The Hearing Officer concludes it is appropriate for the Industrial Commission to invoke its continuing jurisdiction over this claim as it has not yet been processed or adjudicated against the correct employer.
After the appeal period, the file is to be referred to the Bureau of Workers' Compensation.
The Bureau of Workers' Compensation is directed to process this claim against the company found to be the correct employer herein, to wit: Drive-All, Inc., and to issue an order addressing the issue of allowance.
 {¶ 14} 9. On November 20, 2003, another SHO mailed an order refusing relator's administrative appeal.
 {¶ 15} 10. On January 12, 2004, relator, Claude T. Hicks, filed this mandamus action.
Conclusions of Law:
 {¶ 16} The issue is whether the commission had continuing jurisdiction under R.C. 4123.52 to vacate the allowance of the claim against Bestway and order the bureau to process the claim against Drive-All and issue a bureau order addressing the claim allowance issue.
 {¶ 17} Finding that the commission had continuing jurisdiction, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 18} R.C. 4123.52 states:
The jurisdiction of the industrial commission * * * is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. * * *
 {¶ 19} The commission's continuing jurisdiction is not unlimited.State ex rel. B C Machine Co. v. Indus. Comm. (1992), 65 Ohio St.3d 538,541. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by inferior tribunal. B C Machine Co.; State ex rel. Nicholls v.Indus. Comm. (1998), 81 Ohio St.3d 454, 459.
 {¶ 20} R.C. 4123.522 entitles an employer and its representative to notice of all determinations, orders, awards, and decisions rendered by the bureau or commission. State ex rel. Miesse v. Holophane Corp.,102 Ohio St.3d 70, 72, 2004-Ohio-1808.
 {¶ 21} In the SHO's order of November 3, 2003, it was determined that "[b]ased upon claimant's wage documentation herein, which was provided by Drive-All, Inc. * * * the correct employer in this claim is Drive-All, Inc." The commission essentially invoked its continuing jurisdiction based upon this factual finding.
 {¶ 22} Significantly, relator does not challenge here the commission's factual finding that Drive-All is the correct employer. Relator does not contend here that the wage documentation provided by Drive-All at the November 3, 2003 hearing, fails to constitute some evidence upon which the commission can rely to premise its finding that Drive-All is the correct employer and not Bestway.[1]
 {¶ 23} The commission's factual finding that Drive-All is the correct employer based upon the wage information is, in effect, a finding that the prior order allowing the claim against Bestway contains a clear mistake of fact since the order incorrectly assumes that Bestway is the employer. Because neither Drive-All nor its representative received the notice that R.C. 4123.522 statutorily mandates, the commission's factual finding also supports the conclusion that the claim allowance against Bestway is premised upon a clear mistake of law, i.e., the failure to give notice to the proper party. Thus, the SHO's order of November 3, 2003, sets forth the basis for the commission's exercise of its continuing jurisdiction.
 {¶ 24} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.
[1] Apparently, the parties neglected to submit to the stipulated record, the wage information provided by Drive-All at the November 3, 2003 hearing.