DECISION
{¶ 1} Relator, Pierre Williams, filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator relief, pursuant to R.C.4123.522, and ordering the commission to find that he is entitled to that relief.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) Relator filed the following objection to the magistrate's decision:
THE MAGISTRATE'S DECISION THAT RELATOR DID NOT PRESENT "SUFF[I]CIENT EVIDENCE" TO SHOW THAT HE DID NOT RECEIVE THE OCTOBER 1, 2002 COMMISSION ORDER IS ERRONEOUS AS A MATTER OF LAW.
 {¶ 3} Relator's objection essentially presents the same arguments he made to the magistrate. However, we agree with the magistrate's analysis of those arguments, as well as her legal conclusions.
 {¶ 4} R.C. 4123.522 provides "a rebuttable presumption, sometimes called the `mailbox rule' that, once a notice is mailed, it is presumed to be received in due course." Weiss v.Ferro Corp. (1989), 44 Ohio St.3d 178, 180. In order to successfully rebut that presumption, the party alleging the failure to receive notice must prove that: "(1) [T]he failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice." State ex rel. LTV Steel Co. v. Indus. Comm. (2000),88 Ohio St.3d 284, 286.
 {¶ 5} Here, the commission found that the October 1, 2002 order had been mailed to the proper addresses and had not been returned. The commission did not abuse its discretion by finding that relator failed to present sufficient evidence to rebut the presumption that the order had been received. Therefore, we overrule relator's objection to the magistrate's decision.
 {¶ 6} Having reviewed the evidence independently, and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ is denied.
Objection overruled, writ of mandamus denied.
Klatt, P.J., and Travis, J., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : Pierre Williams, : Relator, : v. : No. 05AP-468 :
The Industrial Commission of Ohio : and A Caring Alternative, Inc., : Respondents. :
 MAGISTRATE'S DECISION Rendered on October 28, 2005 Shapiro, Shapiro and Shapiro Co., L.P.A., Leah P. VanderKaay
and Daniel L. Shapiro, for relator.
Jim Petro, Attorney General, and Dennis L. Hufstader, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} Relator, Pierre Williams, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator relief pursuant to R.C.4123.522 and ordering the commission to find that he is entitled to that relief.
Findings of Fact:
 {¶ 8} 1. Relator allegedly sustained a work-related injury on March 1, 2002.
 {¶ 9} 2. By order dated July 18, 2002, a district hearing officer ("DHO") granted relator's First Report Of Injury-1, allowed the claim for "sprain left neck; sprain left shoulder," and awarded temporary total disability ("TTD") compensation from March 2, 2002 and continuing upon submission of medical evidence.
 {¶ 10} 3. Respondent A Caring Alternative, Inc. ("employer"), appealed and the matter of the claim allowance and the payment of TTD compensation were heard before a staff hearing officer ("SHO") on September 4, 2002. The SHO vacated the prior DHO order and disallowed relator's claim as follows:
The Staff Hearing Officer denies the claim due to inconsistencies in the evidence presented. An employee incident report on file describes an incident such as is alleged by claimant (pulling patient into wheelchair). It cites a date of incident of 02/07/2002. It contains claimant's signature and a completion date of 03/04/2001. Claimant disputes that he placed these dates (02/07/2002; 03/04/2001) on the form. The first medical attention for this alleged work injury was on 03/04/2002 at University Hospital. The record of that date states that claimant described an event from one month ago. In the "Registration History" portion of the records, the injury date is given as 01/17/2002. In the "Primary: Triage Survey" portion of the record, the event is described as having occurred "a few months ago." The Staff Hearing Officer finds no consistent factual and medical evidence to support the claim.
 {¶ 11} 4. Relator filed an appeal which was refused by order of the commission mailed October 3, 2002.
 {¶ 12} 5. All three above enumerated orders were mailed to the parties and their representatives as follows:
 Pierre Williams 714 Parkwood Dr Cleveland OH 44108-2765 Shapiro, Shapiro Shapiro Co LPA 4469 Renaissance Pkwy Warrensville Heights OH 44128-5754 A Caring Alternative Inc. 1501 Euclid Ave Ste 530 Cleveland OH 44115-2108 *** Frank Gates Service Co *** PO Box 182364 Columbus OH 43218-2364
 {¶ 13} 6. On March 4, 2003, relator filed a motion requesting the following: "Now comes representative for claimant Pierre Williams and respectfully request relief pursuant to ORC4123.522. Representative did not receive refusal order of unknown mailing date." The only thing attached in support of relator's motion were copies of the commission's order above referenced.
 {¶ 14} 7. A hearing on relator's motion was heard before an SHO on July 9, 2003. Relator and counsel were both present. The SHO denied relator's motion as follows:
It is the order of the Staff Hearing Officer that the Injured Worker's motion, filed 03/04/2003, is denied.
A copy of the Commission's findings mailed 10/03/2002 was properly mailed to the correct address of the injured worker and to the correct address of injured worker's representative.
 {¶ 15} 8. On January 12, 2004, relator filed a motion requesting that the commission exercise its continuing jurisdiction and reconsider the order denying relief pursuant to R.C. 4123.522.
 {¶ 16} 9. The matter was heard before an SHO on March 3, 2004, and resulted in an order denying relief as follows:
The Staff Hearing Officer finds that insufficient evidence has been presented to indicate that either claimant or his authorized representative failed to receive the findings of the Industrial Commission mailed 10/03/2002.
The Staff Hearing Officer finds that there is no evidence of returned mail regarding the above noted document nor have affidavits or testimony been presented in regard to the alleged non-receipt of the findings.
 {¶ 17} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986),26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State exrel. Lewis v. Diamond Foundry Co. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 19} For the reasons that follow, it is the magistrate's conclusion that this court deny relator's request for a writ of mandamus.
 {¶ 20} R.C. 4123.522 provides as follows:
The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter[.] * * *
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 21} R.C. 4123.522 entitles the employee, employer, and their respective representatives, to notice of all orders, determinations, and decisions issued by the Ohio Bureau of Workers' Compensation ("BWC") or the commission. If an entity entitled to notice, through no fault or neglect of its own, does not receive an order, the statute provides relief by permitting the party to file a belated appeal to the order, once discovered. In the present case, the commission concluded that the commission's findings mailed October 3, 2002, were properly mailed to the correct address of both the injured worker (relator herein) and relator's representative. To the extent that relator and/or his representative may have testified at the hearing before the SHO, it is apparent that the SHO did not determine their testimony to be credible. Neither relator nor his representative filed an affidavit attesting to the representative's failure to receive notice from the commission's order.
 {¶ 22} Relator cites State ex rel. Walls v. Indus. Comm.
(2000), 90 Ohio St.3d 192, and asserts that there is a "double standard": testimony from employer's counsel is acceptable as evidence of nonreceipt of notice whereas testimony from a claimant's counsel is not. In Walls, the employer's representative claimed that it had not received the July 26, 1996 order allowing the claim. The claimant argued that "nonreceipt is not enough." Id. at 196. Claimant argued that the nonreceipt must be unattributable to employer fault or neglect and argued that the employer had failed to inform the BWC that it was represented. The commission found that, pursuant to Ohio Adm. Code4121-3-22(A), an employer may file one blanket authorization applicable to all claims and that the employer had done so and that nonreceipt was not due to the neglect or fault on the part of the employer.
 {¶ 23} The magistrate has reviewed the record in the present case and specifically notes that the addresses listed both for relator and his representative are the same on all of the orders issued by the commission. While relator argues that his representative did not receive this particular order, apparently his representative received all previous orders which the commission mailed. It was not an abuse of discretion for the commission to note this and to find any testimony given at the hearing not to be credible. The burden of proof was on relator and his representative to prove entitlement to relief under R.C.4123.522. The commission determined that relator and his representative failed to present sufficient evidence to rebut the presumption that a properly mailed notice was received and failed to prove that a copy of the order was not received. This magistrate finds that relator has not demonstrated the commission abused its discretion.
 {¶ 24} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying him relief pursuant to R.C.4123.522 and relator's request for a writ of mandamus should be denied.