THE STATE, EX REL. SWIGART, *v.* CHRYSLER CORPORATION ET AL.

(No. 82AP-189—Decided November 9, 1982.)

*E. S. Gallon & Associates* and *Mr. Gary T. Brinsfield,* for relator.

*Messrs. Coolidge, Wall, Matusoff, Womsley & Lombard* and *Mr. John A. Cumming,* for respondent Chrysler Corp.

*Mr. William J. Brown,* attorney general, and *Mr. James E. Uprichard, Jr.,* for respondent Industrial Commission.

WHITESIDE, P.J. By this original action in mandamus, relator, Howard Swigart, seeks a writ ordering respondent Industrial Commission to allocate to claim No. 579109-22 the entirety of permanent and total disability benefits awarded to him by order of respondent Industrial Commission, rather than

allocating seventy-five percent to said claim and the remaining twenty-five percent to claim No. 478508-22.

Relator has three workers' compensation claims: (1) claim No. 477882-22 for an accident occurring November 28, 1966; (2) claim No. 478508-22 for an accident occurring on August 28, 1970; and (3) claim No. 579109-22 for an industrial injury which took place on February 7, 1974. All three of these claims arose out of and in the course of relator's employment with respondent Chrysler Corporation and were allowed by respondent Industrial Commission.

There is no dispute but that relator has suffered permanent and total disability as a result of an industrial injury, or injuries, arising out of and during the course of his employment with respondent Chrysler Corporation. The sole question is whether this permanent and total disability should be allocated entirely to the 1974 injury and, thus, whether the respondent Industrial Commission abused its discretion in allocating the permanent and total disability seventy-five percent to the 1974 injury and twenty-five percent to the 1970 injury. No contention is made that any of the permanent and total disability should be allocated to the 1966 injury, which was allowed for two ruptured discs. The 1970 claim was allowed for recurrent herniated nucleus pulposus, L4, 5, resulting from the injury. The 1974 claim was recognized for aggravation of a pre-existing low-back condition. It is also conceded that relator had returned to work and was working at his regular employment at the time of his 1974 injury.

Unfortunately, a review of the record reveals no basis for the allocation. There is nothing in the medical reports or in the evidence upon which the allocation could be predicated other than the fact that the 1974 injury resulted in an aggravation of the pre-existing low-back condition, apparently at least in part a result of the 1970 injury. It is also undisputed that relator has not been able to return to work since the 1974 injury.

Neither respondent Industrial Commission nor respondent employer cites any statutory foundation for the allocation of the award between the two claims, relying primarily upon a contention that the decision of the Industrial Commission is supported by "some evidence" without illumination as to the nature of that evidence or where it may be found. Rather, respondent employer relies upon an *ipse-dixit* argument that recognizing a claim for aggravation of a pre-existing low-back condition by definition establishes that the pre-existing low-back condition is a contributing cause to the permanent and total disability so that a portion of the award must be allocated to it. Respondents rely upon *State, ex rel. Shewalter,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 12 [48 O.O.2d 7], analogous only in the sense that the claimant in that case also suffered two low-back injuries, with the second apparently aggravating the first. However, that case involved a permanent partial disability, not a permanent and total disability. It did not involve allocation of disability between the two injuries. Rather, the claimant in that case had been found to have sustained a thirty-five percent disability under the first claim. Later, in connection with the second injury and claim, evidence was adduced that claimant had a twenty-five percent permanent partial disability, with one specialist indicating that the disability should be divided equally between the two claims of the claimant. Since the claimant had already been awarded thirty-five percent disability for the earlier injury, the Industrial Commission reasoned that there should be such an apportionment of the disability between the two claims, so that the claimant was entitled to no further compensation, having previously been fully compensated. The Supreme Court granted a writ of mandamus, finding that the allocation by the commission was improper and that, at a minimum, the

claimant was entitled to an award of twelve and one-half percent for permanent partial disability as a result of the second injury. Rather than supporting respondent's position, *Shewalter* indicates that apportionment is improper with respect to a prior permanent partial disability award made with respect only to the first claim. The only "allocation" made in *Shewalter* was a recognition of the evidence presented by the one expert to the effect that only a twelve and one-half percent permanent partial disability resulted from the second claim. The "allocation" was predicated upon direct expert testimony limiting the amount of disability attributable to the second claim. There is no such evidence in this case.

Relator, on the other hand, relies upon *Hamilton* v. *Keller* (1967), 11 Ohio App. 2d 121 [40 O.O.2d 289], to support his contention that allocation is improper. *Hamilton* involved aggravation of a preexisting nonindustrial condition. The *Hamilton* court in this regard stated at pages 127-128:

"* * * Every workman brings with him to his employment certain infirmities. The employer takes an employee as he finds him and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person. If that injury is the proximate cause of the death or disability for which compensation is sought, the previous physical condition is unimportant and recovery may be had independently of the pre-existing weakness or disease."

Relator contends that this rule should apply even though the pre-existing condition be the result of an industrial injury, rather than having no connection with an industrial injury. We agree.

It appears clear that, if the 1970 injury had been a nonindustrial injury, relator would be entitled to permanent and total disability compensation as a result of the 1974 injury, which aggravated his pre-existing condition to such an extent that he became permanently and totally disabled. The compensation to which relator is entitled should not be reduced solely because his 1970 injury was an industrial injury, rather than a nonindustrial injury. Our conclusion is consistent with R.C. 4123.95, calling for a liberal construction of workers' compensation statutes in favor of employees. As we noted previously, there appears to be no statutory requirement for the allocation made by the Industrial Commission. At least none has been called to our attention. The only apparent basis for the allocation is R.C. 4123.61, which provides in part that in "* * * permanent total disability claims * * * the claimant's * * * average weekly wage for the year preceding the injury * * * shall be the weekly wage upon which the compensation shall be based." However, there is no evidence supporting the allocation made by the respondent Industrial Commission.

Predicated upon the evidence presented, there is no basis for finding that relator ever would have become permanently and totally disabled as a result of the 1970 injury since he continued working at his regular employment until the time of the 1974 injury. Likewise, there is no evidence in the record indicating that relator would not have been permanently and totally disabled as a result of the 1974 injury had he not sustained the 1970 injury. It is impossible to ascertain what would have been the effect of the 1974 injury had there been no 1970 injury since relator was in a weakened condition as a result of the 1970 injury. The rule of *Hamilton, supra,* should apply under such circumstances, and the 1974 injury be deemed the proximate cause of the permanent and total disability, even assuming that the disability is greater because relator was in a weakened condition as a result of the 1970 injury, as to which there is no direct evidence.

Predicated upon the evidence before us as to what was before the Industrial

Commission, there was no evidence whatsoever upon which the respondent Industrial Commission could predicate an allocation of a portion of relator's permanent and total disability to the 1970 injury. Likewise, there is no legal basis for such an apportionment, at least in the absence of evidence supporting and requiring such an apportionment. Accordingly, being contrary to law, the order of the commission making the apportionment constitutes an abuse of discretion.

For the foregoing reasons, a writ of mandamus will issue ordering respondent Industrial Commission to allocate the entirety of relator's permanent and total disability to his 1974 injury, which is the subject of claim No. 579109-22.

*Writ granted.*

NORRIS and GUERNSEY, JJ., concur.

GUERNSEY, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.