OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Yellow Freight System, Inc., Appellant, v. Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Yellow Freight Sys., Inc. v. Indus. Comm. (1994),      Ohio St.3d      .]
Workers' compensation -- Allocation of permanent total disability compensation award when claimant has allowed claims from different employers -- Industrial Commission's decision must explain all matters affecting the rights and obligations of the claimant or employer sufficiently to inform the parties and potential reviewing court of the basis for the commission's decision.

(No. 93-1955 -- Submitted October 11, 1994 -- Decided December 14, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 92AP-948.

In 1981, claimant, Henry G. Cunningham, was injured in the course of and arising from his employment with Spector Red Ball Freight System. His workers' compensation claim was allowed for "sciatica and disc herniation L4-5." He underwent a lumbar laminectomy and in 1983 was found to be thirty-eight percent permanently partially disabled. In November 1984, claimant successfully reactivated his claim for medical services recently rendered to him.

On May 23, 1985, claimant was injured in the course of and arising from his employment with Yellow Freight Systems, Inc. ("Yellow Freight"). His workers' compensation claim was allowed for "low-back, contusion left anterior knee cap, hyperesthesia left ankle." Claimant continued to work intermittently until November 19, 1985, after which he began receiving temporary total disability compensation. He underwent another laminectomy with discectomy, decompression and fusion, which resulted in a post-operative diagnosis of "spinal stenosis L4-5 with herniated nucleus pulposus L5-S1, status post previous laminectomy."

Claimant, in 1989, moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. Among the evidence before the commission was the May 2, 1990 report of commission specialist Dr. James W. Parks. He concluded:

"It is my belief and opinion based on the conditions allowed in this man's claims that he at the present time is prohibited from taking part in any sustained remunerative employment; and I believe he is, therefore, 100% disabled from the standpoint of occupational activity. I believe his inability to return to his previous job of truck driving is permanent; and it is my opinion that with reasonable medical certainty he has reached maximum medical improvement concerning the conditions of his claims. I do not believe he is a good candidate for rehabilitation." (Emphasis added.)

Commissioners Smith, Mayfield, Bell, McAllister and Fugate heard claimant's application for permanent total disability compensation on August 15, 1990. The commission does not dispute Yellow Freight's assertion that the commission announced, at hearing, its intention to grant claimant's application, but wished further time to consider the appropriate apportionment of the award between the two claims. Both Yellow Freight and claimant promptly submitted letters outlining their proposed allocations to the commission. The commission's order read:

"* * * It is further the finding of the Commission that the claimant is permanently and totally disabled; that compensation for such disability be awarded from 2/28/90 * * *.

"The reports of Doctors Smith and Parks were reviewed and evaluated.

"This order is based particularly upon the reports of Doctor Parks, a consideration of the claimant's age, education, work history * * *."

By failing to specify otherwise, the order in effect allocated the entire award to the Yellow Freight claim. The order was based on the votes of Commissioners Mayfield, Smith and Fugate. Yellow Freight moved for reconsideration. Yellow Freight's motion generated a February 4, 1992 internal commission memorandum that was prepared by a district hearing officer for the commission's review. The memo outlined each party's position as derived from the earlier letters. The memo contained no recommendation, but observed that:

"The employer does have a physician's report done on behalf of the employer which states that the allocation should be greater in the first claim. Therefore there is some evidence that could be used by the Commission if they so chose to change the allocation.

"Pursuant to the Noll [State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245] decision the Commission must fully explain its permanent total disability decisions. Current Commission policy is to list allocations between claim files in the order without any explanation. It may be that in the future the courts will require the Commission to more fully explain the reasoning behind the allocations between claim files."

On April 17, 1992, Commissioners Colasurd, Geltzer and Mayfield voted to deny reconsideration. Yellow Freight thereafter filed the instant complaint in mandamus in the Court of Appeals for Franklin County, claiming that the commission abused its discretion in assigning the award totally to the Yellow Freight claim. In a split decision, the appellate court denied the writ. The majority felt that its decision in State

ex rel. Swigart v. Chrysler Corp. (1982), 8 Ohio App. 3d 84, 8 OBR 117, 455 N.E.2d 1349, compelled allocation to the later (Yellow Freight) claim. Judge Dana A. Deshler, dissenting, found Swigart distinguishable and recommended a return of the cause to the commission for further consideration.

This cause is now before this court upon an appeal as of right.

Buckingham, Doolittle & Burroughs and Deborah Sesek, for appellant.

Lee Fisher, Attorney General, Michael P. O'Grady and William J. McDonald, Assistant Attorneys General, for appellee.

Per Curiam. Yellow Freight does not contest claimant's entitlement to permanent total disability compensation, objecting instead to the commission's decision to allocate the entire cost of the award to the Yellow Freight claim. We find Yellow Freight's arguments to be persuasive and accordingly reverse the judgment of the court below.

The commission argues that Dr. Smith's report and the preponderance of compensation and medical expenses paid in the Yellow Freight claim support the apportionment. This reasoning, however, did not appear in the commission's order, nor did the commission purport to rely on this evidence. The commission nevertheless suggests that because the reasoning appeared in the February 4, 1992 district hearing officer memo reviewed by the commission, it should be assumed that it formed the basis of the commission's order. We disagree.

The commission speaks only through its final actions, i.e., its orders. Indus. Comm. v. Hogle (1923), 108 Ohio St. 363, 140 N.E. 612. Consistent with this tenet, evidentiary review is limited to the evidence and reasoning identified in the order. State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. A reviewing court will not search the record for some evidence supporting the commission's order not otherwise specified as a basis for its decision. Id.

The commission's proposal contradicts these evidentiary precepts and eviscerates the recent directives established by State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. The commission's theory effectively dispenses with the need for giving any reasoning for granting permanent total disability, since the reviewer would be expected to assume that, somewhere in the record, evidence supporting the commission's position existed.

Contrary to the commission's representation, neither Mitchell nor Noll confines the need for adequate evidentiary explanation and identification to questions of pure award or denial of compensation. All matters affecting the rights and obligations of the claimant or employer merit an explanation sufficient to inform the parties and potentially a reviewing court of the basis for the commission's decision.

The commission's allocation also cannot be defended by its citation to Swigart, supra. Swigart suffered industrial injuries in 1966, 1970 and 1974, the last being formally recognized as an aggravation of the 1970 injury. Seventy-five percent of the claimant's permanent total disability was

assigned to the 1974 claim and the remainder to the 1970 claim.

The appellate court vacated the commission's order and directed it to award one hundred percent of the disability to the 1974 claim. The appellate court found no medical evidence supporting the commission's allocation, and held that the recognition of the 1974 claim as an aggravation of the 1970 injury was insufficient to justify an allocation of some of the disability to the earlier injury.

The commission and the present appellate court apparently interpret Swigart as directing a one hundred percent allocation to the most recent claim where the relevant claims involve, in whole or in part, the same areas of the body. Swigart is neither this broad nor directly on point. Swigart did not dictate a total allocation of disability to the later claim merely because the low back condition was allowed in both. This court ordered a total allocation of disability because there was no evidence to justify apportionment of any disability to the 1970 claim.

The case at bar is not a "no evidence" case. To the contrary, the evidence expressly relied on by the commission -- Dr. Parks' report -- attributes claimant's permanent total disability to claimant's "claims." The presence of "some evidence" supporting allocation distinguishes this case from Swigart and merits vacation of the commission's order, and a return of the cause for further consideration of the allocation question.

Resolution of this issue on the evidentiary basis explained above forecloses the need for addressing Yellow Freight's constitutional argument. Greenhills Home Owners Corp. v. Greenhills (1966), 5 Ohio St.2d 207, 34 O.O. 2d 420, 215 N.E.2d 403. Accordingly, we decline to consider that challenge at this time.

The appellate judgment is hereby reversed and the cause is returned to the commission for further consideration and an amended order.

                              Judgment reversed.

A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents.