DECISION
{¶ 1} Relator, John P. Nerlinger ("relator"), brought this original action for a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his motion for relief under R.C. 4123.522 and to enter an order granting that relief.
 {¶ 2} This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court grant the requested writ. (Attached as Appendix A.) Respondent, AJR Enterprises, Inc. ("employer"), filed objections to that decision; the commission filed no objections. As no party has objected to the magistrate's findings of fact, we adopt them as our own. We repeat here only those facts necessary for our consideration of the employer's objections.
 {¶ 3} In brief, on October 11, 2003, the commission mailed to relator a hearing notice specifying the date, time, and location of a hearing to be held before a district hearing officer ("DHO") on the issue of relator's application for benefits. Relator did not appear for the hearing, nor did relator appeal the DHO's October 30, 2003 order, which indicated relator's absence from the hearing and the commission's denial of benefits.
 {¶ 4} On January 18, 2005, relator filed a motion for relief under R.C. 4123.522. Following a hearing, a staff hearing officer ("SHO") issued an order denying relator's request for relief, finding that the hearing notice and the DHO's order had been properly mailed to relator. Relator moved the full commission for reconsideration of the SHO's order. The commission granted a hearing regarding the reconsideration, but ultimately denied reconsideration. This action in mandamus followed.
 {¶ 5} R.C. 4123.522 provides that, if any person to whom a notice is mailed does not receive the notice and the commission, upon hearing, determines that "the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice," then the person may take action (for example, file an appeal of the original order) within 21 days of the commission's determination that the notice failed. R.C. 4123.522 also provides: "Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person."
 {¶ 6} Before the commission, relator submitted an affidavit, which stated that he had not received the hearing notice or the October 30, 2003 order. He also stated that his failure to receive these documents was through no fault of his own. Our stipulated record reflects that a hearing was held on April 13, 2005. Relator and another individual, Mr. Hof, appeared on relator's behalf. Three individuals appeared on behalf of relator's employer. The record does not contain a transcript of the hearing, nor does it indicate whether relator submitted any evidence other than his affidavit denying that he had received the hearing notice or the October 30, 2003 order.
 {¶ 7} The SHO's order stated:
It is the order of the Staff Hearing Officer that the injured worker's Motion filed 01/08/2005, is denied.
A copy of the [DHO's] findings mailed 11/01/2003 was properly mailed to the correct address of the injured worker.
A copy of the notice of hearing for the hearing of the [DHO] dated 10/30/2003 [sic] was properly mailed to the correct address of the injured worker.
The Staff Hearing Officer denies the injured worker's request for relief * * *.
 {¶ 8} The magistrate concluded that the SHO's findings were insufficient. The magistrate stated:
* * * [I]t is insufficient for the SHO to simply determine that the hearing notice and DHO's order were properly mailed and, on that basis alone, deny R.C. 4123.522 relief. Relator has a clear legal right under R.C. 4123.522 to present evidence that tends to rebut the mailbox rule presumption and to obtain an adjudication from the commission on that issue. Here, the commission, through its SHO, failed to address a critical issue under R.C. 4123.522.
 {¶ 9} In its objections, the employer asserts that the SHO's findings were sufficient to deny R.C. 4123.522 relief. We agree.
 {¶ 10} As the magistrate explained, R.C. 4123.522 provides "a rebuttable presumption, sometimes called the `mailbox rule,' that, once a notice is mailed, it is presumed to be received in due course." Weiss v. Ferro Corp. (1989), 44 Ohio St.3d 178,180. In order to successfully rebut that presumption, the party alleging the failure to receive notice must prove that:
* * * (1) [T]he failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. * * *
State ex rel. LTV Steel Co. v. Indus. Comm. (2000),88 Ohio St.3d 284, 286.
 {¶ 11} Before the magistrate, relator argued that the SHO's order did not contain an adequate explanation for denying relief, thus violating State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203, and State ex rel. Mitchell v. Robbins Meyers,Inc. (1983), 6 Ohio St.3d 481. In particular, the order did not reference relator's affidavit. On that point, relator directed attention to State ex rel. Fultz v. Indus. Comm. (1994),69 Ohio St.3d 327, in which the Ohio Supreme Court returned a case to the commission for further review and clarification because the commission omitted two reports from its list of the evidence considered.
 {¶ 12} In State ex rel. Rothkegel v. Westlake (2000),88 Ohio St.3d 409, 410, however, the Supreme Court explained thatFultz "applies only where the disputed [permanent total disability] order lists the evidence considered and omits a report from that list. In such a case, the evidence omitted is presumed to have been ignored." (Emphasis omitted.) However, where "the commission lists only the evidence relied upon, omission does not raise the presumption that the evidence was overlooked." Id. Even though the commission must "`consider all evidence properly before it, it is not required to list each piece of evidence that it considered in its order.'" Id. at 411, quoting State ex rel. Buttolph v. Gen. Motors Corp., Terex Div.
(1997), 79 Ohio St.3d 73, 77. Rather, under Mitchell, the commission must "`enumerate in its order "only that evidence which has been relied upon to reach their conclusion[."] * * * There is no requirement that the commission list all evidence considered.'" (Emphasis omitted.) Rothkegel at 411, quotingButtolph at 77. Accord State ex rel. Consol. Coal Co. v.Indus. Comm., Franklin App. No. 05AP-581, 2006-Ohio-3908.
 {¶ 13} As applied here, nothing in the record suggests that relator did not have an opportunity to present evidence or that the SHO did not consider all of the evidence relator did present, including his affidavit. Rather, the record shows that a hearing was held, and relator appeared. Relator does not argue that he did not have a hearing, that he could not present evidence or that he had additional evidence or defenses that were excluded. Instead, he argues only that the SHO's order was inadequate. We find, however, that, despite the absence of an explicit credibility determination, the SHO's order identified the evidence upon which the SHO relied to make his determination — evidence that was sufficient to create a rebuttable presumption, which relator apparently failed to overcome. Neither Mitchell
nor Noll requires more.
 {¶ 14} For these reasons, we sustain the employer's objections to the magistrate's decision. Accordingly, we deny the requested writ.
Objections sustained, writ of mandamus denied.
Brown and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. John P. Nerlinger, :
Relator, : No. 05AP-1207 v. : (REGULAR CALENDAR) AJR Enterprises, Inc., and : Industrial Commission of Ohio, :
Respondents. :
 MAGISTRATE'S DECISION Rendered on June 21, 2006 Butkovich, Crosthwaite Gast Co., L.P.A., Daryl A.W.Crosthwaite, and Stephen P. Gast, for relator.
Michael H. Strong, for respondent AJR Enterprises, Inc. JimPetro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 15} In this original action, relator, John P. Nerlinger, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying his motion for R.C. 4123.522 relief, and to enter an order granting said relief.
Findings of Fact:
 {¶ 16} 1. On September 18, 2003, relator filed an application for workers' compensation benefits on a form captioned "First Report of Injury, Occupational Disease or Death" ("FROI-1"). On his application, relator claims that he sustained an industrial injury on September 24, 2002, which he describes as "chemical burns to both hands." The alleged employer is AJR Enterprises, Inc., a state-fund employer. On the application, relator lists his home mailing address as:
 1050 Noyes Avenue Hamilton, Ohio 45015-2032
 {¶ 17} 2. The Ohio Bureau of Workers' Compensation ("bureau") mailed an order on September 9, 2003, allowing the industrial claim for "first degree burn bilateral hand." The industrial claim is assigned claim No. 02-886835.
 {¶ 18} 3. The employer administratively appealed the bureau's order of September 9, 2003.
 {¶ 19} 4. On October 11, 2003, the commission mailed a hearing notice specifying the date, time, and location of a hearing to be held before a district hearing officer ("DHO") on the issue of the claim's allowance. The record before this court indicates that the hearing notice was mailed to relator at the aforementioned address listed on the FROI-1. The hearing notice further indicated that the hearing would be held on Thursday, October 30, 2003, at 1:00 p.m.
 {¶ 20} 5. Pursuant to the mailed notices, a DHO heard the matter of the claim's allowance on October 30, 2003, as scheduled. Thereafter, the DHO issued an order indicating the appearances on behalf of the employer and administrator and further indicating there was no appearance for relator.
 {¶ 21} 6. The DHO's order of October 30, 2003 indicates that it was mailed to relator on November 1, 2003, at the address he listed on his FROI-1. The DHO's order also indicates that an appeal from the order may be filed within 14 days of receipt of the order.
 {¶ 22} 7. Relator did not administratively appeal the DHO's order of October 30, 2003.
 {¶ 23} 8. On January 18, 2005, relator, through counsel, filed a motion for R.C. 4123.522 relief. In support of his motion, relator submitted his affidavit executed December 29, 2004, stating:
John Nerlinger states that he is the injured worker in Ohio BWC Claim No. 02-886835 for injuries sustained on September 24, 2002. The Affiant further states that he failed to receive a copy of the Notice of Hearing nor did he receive a copy of the District Hearing Officer's order from the hearing conducted on October 30, 2003. Affiant submits that the failure to receive these documents was through no fault of his own.
 {¶ 24} 9. Following an April 13, 2005 hearing, a staff hearing officer ("SHO") issued an order denying R.C. 4123.522
relief. The SHO's order explains:
A copy of the District Hearing Officer's findings mailed 11/01/2003 was properly mailed to the correct address of the injured worker.
A copy of the notice of hearing for the hearing of the District Hearing Officer dated 10/30/2003 was properly mailed to the correct address of the injured worker.
 {¶ 25} 10. The SHO's order of April 13, 2005, also indicates that relator and his counsel appeared at the hearing. However, the hearing was apparently not recorded.
 {¶ 26} 11. On May 3, 2005, relator, through counsel, moved for reconsideration of the SHO's order of April 13, 2005. In the motion, relator argues:
* * * [T]he Industrial Commission Order fails to comply with the Supreme Court Decision entitled State, ex rel. Mitchell v. Industrial Commission of Ohio and State, ex rel. Noll v. Industrial Commission of Ohio and State, ex rel. Nicholls v. Industrial Commission of Ohio to the extent that the Order fails to explain why the injured worker's sworn statement was rejected. There is no evidence or reasoning sited by the Hearing Officer as to why the injured worker's sworn affidavit indicating that he failed to receive the Industrial Commission Order from the hearing conducted on or about October 30, 2003 was insufficient to support a request for relief under ORC § 4123.522.
 {¶ 27} 12. On July 21, 2005, the three-member commission mailed an interlocutory order, stating:
It is the finding of the Industrial Commission that the injured worker has presented evidence of sufficient probative value to warrant adjudication of the request for reconsideration regarding the alleged presence of a clear mistake of law of such character that remedial action would clearly follow.
Specifically, it is alleged that the Staff Hearing Officer failed to Mitchellize his order or address the affidavit submitted by the injured worker.
Based on these findings, the Industrial Commission directs that the injured worker's request for reconsideration filed 05/03/2005 is to be set for hearing to determine if the alleged mistake of law as noted herein is sufficient for the Industrial Commission to invoke its continuing jurisdiction.
 {¶ 28} 13. Following an August 16, 2005 hearing, the commission, in a two to one decision, issued an order denying reconsideration. The commission's August 16, 2005 order states:
It is the finding of the Industrial Commission that it does not have authority to exercise continuing jurisdiction pursuant to R.C. 4123.52, State ex rel. Nicholls v. Indus. Comm. (1998),81 Ohio St.3d 454, and State ex rel. Foster v. Indus. Comm.
(1999), 85 Ohio St.3d 320. The injured worker has failed to meet his burden of proving that sufficient grounds exist to justify the exercise of continuing jurisdiction. Therefore, the injured worker's request for reconsideration, filed 05/03/2005, is denied, and the order of the Staff Hearing Officer, dated 04/13/2005, remains in full force and effect.
 {¶ 29} 14. On November 14, 2005, relator, John P. Nerlinger, filed this mandamus action.
Conclusions of Law:
 {¶ 30} It is the magistrate's decision that this court issue a writ of mandamus, as more fully explained below.
 {¶ 31} R.C. 4123.522 states:
The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter[.] * * * An employee, employer * * * is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, * * * by both the employee and his representative of record, both the employer and his representative of record[.] * * *
If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 32} In State ex rel. LTV Steel Co. v. Indus. Comm.
(2000), 88 Ohio St.3d 284, the court analyzed R.C. 4123.522:
Employers and their representatives are entitled to receive notice from the commission under R.C. 4123.522, but that right is not self-executing. As the court of appeals found, the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. Weiss v. Ferro Corp. (1989),44 Ohio St.3d 178, 180[.] * * * Only if the commission makes these findings does the moving party become unconditionally entitled to what amounts to a second notice of a commission order. This second "reconstituted" notice actually comes from thecommission upon the determination that the moving party has rebutted the mailbox-rule presumption and that it is the one from which the new twenty-one-day appeal time is activated. * * *
Id. at 286-287. (Emphasis sic.)
 {¶ 33} In Weiss v. Ferro Corp. (1989), 44 Ohio St.3d 178,180, the court describes the mailbox rule:
There is a rebuttable presumption, sometimes called the "mailbox rule," that, once a notice is mailed, it is presumed to be received in due course. See Young v. Bd. of Review (1967), 9 Ohio App.2d 25, 38 O.O.2d 36, 222 N.E.2d 789; and Kimberly v. Arms (1889), 129 U.S. 512, 529. R.C. 4123.522 provides that such presumption may, upon application to the commission, be rebutted by evidence which shows that the addressee did not receive the mailed notice, and "* * * that such failure was due to cause beyond the control * * *" of that person.
 {¶ 34} The SHO's order of April 13, 2005, finds that the hearing notice and the DHO's order where "properly mailed to the correct address of the injured worker." Clearly, the record before this court supports this finding.
 {¶ 35} Given that the hearing notice and the DHO's order were found to have been mailed to relator's correct address, there arose a rebuttable presumption under the mailbox rule that they were received in due course.
 {¶ 36} Relator attempted to rebut the presumption of the mailbox rule by submitting his affidavit in which he averred that he did not receive the hearing notice or the DHO's order. Relator also appeared at the April 13, 2005 hearing before the SHO but we do not know whether he testified or what he might have said because the hearing was not recorded.
 {¶ 37} The SHO's order of April 13, 2005 makes the findings that the hearing notice and the DHO's order were properly mailed to relator's correct address but there was no finding as to whether relator's affidavit or hearing testimony rebuts the presumption that they were received in due course.
 {¶ 38} Rebutting the presumption of the mailbox rule pivots on the credibility of relator's affidavit and/or his hearing testimony.
 {¶ 39} Perhaps it can be said that determining the credibility of a claimant who simply claims that he never received the notice or order can be a difficult call for an SHO to make. Nevertheless, it is the duty of the SHO to make the call. The SHO's order of April 13, 2005 suggests that the SHO either failed to make the credibility determination or was reluctant to state his determination in his order.
 {¶ 40} In any event, it is insufficient for the SHO to simply determine that the hearing notice and DHO's order were properly mailed and, on that basis alone, deny R.C. 4123.522 relief. Relator has a clear legal right under R.C. 4123.522 to present evidence that tends to rebut the mailbox rule presumption and to obtain an adjudication from the commission on that issue. Here, the commission, through its SHO, failed to address a critical issue under R.C. 4123.522.
 {¶ 41} The magistrate makes an observation. When correctly addressed mail happens to be misdelivered by the United States Postal Service, resulting in the failure of receipt, the addressee who later finds that he did not receive the mail can only say that he did not receive it. The addressee, in that situation, is not in the position to know how or why the mail was misdelivered or not delivered at all. In that event, proof of misdelivery or non-delivery turns upon the credibility of the addressee.
 {¶ 42} Here, respondents attempt to explain why the commission should not believe relator's affidavit. These arguments are simply an invitation that this court, rather than the commission, determine the credibility of relator's affidavit. This court must decline the invitation.
 {¶ 43} Accordingly, it is the magistrate's decision that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio, to vacate the SHO's order of April 13, 2005 and, following a new hearing, enter a new order in a manner consistent with this magistrate's decision that determines the credibility of relator's affidavit and, if relator testifies, the credibility of his testimony.