[Cite as *State ex rel. Cordle v. Indus. Comm.*, 2026-Ohio-2193.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jayden M. Cordle, | : | |
| Relator, | : | |
| v. | : | No. 25AP-484 |
| Industrial Commission et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on June 11, 2026

**On brief:** *Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg*, and *Catherine Lietzke*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *Denise A. Corea,* for Industrial Commission of Ohio.

**On brief:** *Fisher Phillips LLP*, and *Robert M. Robenalt*, for Gracely Lawn Care Inc.

IN MANDAMUS

EDELSTEIN, J.

{¶ 1} Relator, Jayden M. Cordle, initiated this original action seeking a writ of mandamus ordering respondent, the Industrial Commission of Ohio ("commission"), to grant relief under R.C. 4123.522 or, in the alternative, for a limited writ of mandamus ordering the commission to conduct another hearing on his request for relief under R.C. 4123.522. Under R.C. 4123.522, a party who fails to receive notice of a commission order may be permitted additional time to appeal that order if the party can prove " ' "(1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual

knowledge of the information contained in the notice." ' " *State ex rel. Arline v. Indus. Comm.*, 2024-Ohio-2463, ¶ 7 (10th Dist.), quoting *State ex rel. Rumpke Consol. Cos., Inc. v. Montague*, 2017-Ohio-6988, ¶ 30 (10th Dist.), quoting *State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 286 (2000), citing *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989). In this case, Mr. Cordle contended his counsel did not receive notice of the commission's January 15, 2025 order refusing Mr. Cordle's appeal from the staff hearing officer's December 24, 2024 order disallowing Mr. Cordle's workers' compensation claim in its entirety.

{¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate. The magistrate issued the appended decision on March 27, 2026, including findings of fact and conclusions of law. In that decision, the magistrate determined that, after reviewing all evidence and arguments presented by the parties, Mr. Cordle failed to establish a clear legal right to the requested relief or a clear legal duty on the part of the commission to provide such relief. As noted by the magistrate, Mr. Cordle's counsel admitted the January 15, 2025 refusal order was mailed to the proper address, but claimed he did not receive it. A commission staff hearing officer conducted a hearing on Mr. Cordle's request for relief under R.C. 4123.522 on May 15, 2025 and issued an order denying the requested relief on May 22, 2025. The magistrate observed the transcript of that hearing is not in the record before us, which is significant since the burden to prove entitlement to mandamus relief lies with Mr. Cordle. (Appended Mag.'s Decision at ¶ 24, citing *State ex rel. Stevens v. Indus. Comm.*, 2012-Ohio-4408, ¶ 9 (10th Dist.).)

{¶ 3} Regarding the adequacy of the staff hearing officer's May 22, 2025 order denying Mr. Cordle's request for relief under R.C. 4123.522, the magistrate acknowledged "additional explanation may have been beneficial in understanding the commission's reasoning for denying relief." (Appended Mag.'s Decision at ¶ 26.) Nonetheless, the magistrate found the order was supported by sufficient explanation under controlling legal precedent, as stated in *State ex rel. Nerlinger v. AJR Ents.*, 2006-Ohio-6143 (10th Dist.) ("*Nerlinger I*"), *State ex rel. Nerlinger v. AJR Ents.*, 2007-Ohio-6438 ("*Nerlinger II*"), and *Rumpke Consol. Cos.* (*See* Appended Mag.'s Decision at ¶ 22-26.) Accordingly, the

magistrate has recommended that this court deny Mr. Cordle's request for a writ of mandamus.

{¶ 4} No party has filed objections to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). *See, e.g., State ex rel. Wyse v. Ohio Pub. Emps. Retirement Sys.*, 2024-Ohio-314, ¶ 2 (10th Dist.), citing *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223 (10th Dist.) (adopting the magistrate's decision where no objections were filed). The case is now before this court for review.

{¶ 5} Based on the foregoing and following our independent review of the record pursuant to Civ.R. 53, we find the magistrate has properly discerned the relevant facts and appropriately applied the controlling law. Therefore, we adopt the magistrate's decision as our own, including findings of fact and conclusions of law, and we deny Mr. Cordle's petition for a writ of mandamus.

*Writ of mandamus denied.*

DORRIAN and LELAND, JJ., concur.

———————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Jayden M. Cordle, | : | |
| Relator, | : | |
| v. | : | No.  25AP-484 |
| Industrial Commission et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 27, 2026

*Nager, Romaine & Schneiberg Co., LPA, Jerald A. Schneiberg,* and *Catherine Lietzke*, for relator.

*Dave Yost*, Attorney General, and *Denise A. Corea*, for respondent Industrial Commission of Ohio.

*Fisher Phillips LLP*, and *Robert M. Robenalt*, for respondent Gracely Lawn Care Inc.

IN MANDAMUS

{¶ 6} In 2024, relator Jayden M. Cordle sought to participate in the workers' compensation fund for an alleged workplace injury. Following initial proceedings, a staff hearing officer for respondent Industrial Commission of Ohio issued an order disallowing the claim. An appeal filed by Cordle from the staff hearing officer's order was refused by the commission. Months after the issuance of the commission's refusal order, Cordle—through counsel—filed a request for relief under R.C. 4123.522. Relying on an affidavit from his attorney, Cordle asserted entitlement to relief under that statute because his attorney

allegedly did not receive the refusal order. A commission staff hearing officer denied Cordle's request for relief.

{¶ 7}    Cordle now requests a writ of mandamus compelling the commission to issue a new order granting relief under R.C. 4123.522. In the alternative, Cordle requests that this Court issue a limited writ remanding the matter to the commission for a new hearing on the request for relief. For the reasons set forth below, the magistrate recommends denying the writ.

## I. Findings of Fact

{¶ 8}    1. Cordle allegedly sustained an injury through his employment with respondent Gracely Lawn Care Inc. ("Gracely") on July 8, 2024, when a lawn mower he was inspecting rolled over his left wrist.

{¶ 9}    2. Through an August 9, 2024 order, the Bureau of Workers' Compensation ("bureau") initially allowed Cordle's workers' compensation claim for the conditions of other specified strain of left wrist, contusion of left wrist, and unspecified sprain of left wrist.

{¶ 10}    3. A commission district hearing officer conducted a hearing on an appeal filed by Gracely. On October 29, 2024, the district hearing officer issued an order that allowed the claim for the conditions of strain of left wrist, contusion of left wrist, and partial tear of left scapholunate ligament. The district hearing officer also granted temporary total disability compensation.

{¶ 11}    4. A commission staff hearing officer heard an appeal filed by Gracely from the district hearing officer's order. In an order issued on December 24, 2024, the staff hearing officer vacated the district hearing officer's order and disallowed the claim in its entirety.

{¶ 12}    5. In an order issued on January 15, 2025, the commission—through a staff hearing officer—refused an appeal filed by Cordle from the December 24, 2024 staff hearing officer's order. The refusal order noted that any party may appeal an order of the commission, other than a decision as to extent of disability, to the court of common pleas within 60 days after the receipt of the order.

{¶ 13} 6. Cordle's counsel, Jerald A. Schneiberg, filed a request for .522/.52 relief dated April 2, 2025. In the request, attorney Schneiberg indicated that relief was sought under only R.C. 4123.522 on the basis that the January 15, 2025 refusal order was "[m]ailed to the proper address, but I did not receive it." (Stip. at 5.) In support of the request for relief, Schneiberg submitted an affidavit containing the following statement:

> I did not receive the Industrial Commission Refusal Order mailed on or about January 15, 2025 refusing the appeal filed January 10, 2025 from the order issued January 15, 2025 by the Staff Hearing Officer. The failure of notice was due to circumstances beyond my control, was not due to my fault or neglect, and I had no prior actual knowledge of the information contained in the notice.

*Id.* at 6.

{¶ 14} 7. On May 15, 2025, a commission staff hearing officer conducted a hearing on Cordle's request for relief under R.C. 4123.522. In an order issued May 22, 2025, the staff hearing officer denied the request based on the following findings: "It is found that a copy of the order of the [commission], issued [January 15, 2025], was properly mailed to the correct address of [Cordle's] Representative. Therefore, pursuant to R.C. 4123.522, the request for relief is denied. The order of the [commission] remains in full force and effect." (Stip. at 1.) The staff hearing officer's order included a statement that "[a]ll of the evidence was reviewed and considered in rendering this decision." *Id.*

{¶ 15} 8. Cordle filed his complaint for writ of mandamus on June 17, 2025.

## II. Discussion and Conclusions of Law

{¶ 16} Cordle seeks either a writ of mandamus ordering the commission to grant relief under R.C. 4123.522 or a limited writ of mandamus returning this matter to the commission in order for it to hold a new hearing on Cordle's request for relief.

## A. Requirements for a Writ of Mandamus

{¶ 17} To be entitled to the issuance of a writ of mandamus, Cordle must establish (1) a clear legal right to the requested relief, (2) that the commission has a clear legal duty to provide such relief, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). "A writ of mandamus may lie when there is a legal basis to compel the commission to perform its duties under

the law or when the commission has abused its discretion in carrying out its duties." *State ex rel. Cassens Corp. v. Indus. Comm. of Ohio*, 2024-Ohio-526, ¶ 10. "In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), paragraph one of the syllabus.

**B. Right to Notice Under the Workers' Compensation Act**

{¶ 18} R.C. 4123.522 governs notice requirements under the Workers' Compensation Act. First, it entitles the employee, the employer, and their representatives to notice of all hearings, determinations, orders, awards, or decisions issued by the bureau or commission. *See State ex rel. Walls v. Indus. Comm.*, 2000-Ohio-51, ¶ 8. Second, the statute "provides 'a rebuttable presumption, sometimes called the "mailbox rule," that, once a notice is mailed, it is presumed to be received in due course.' " *State ex rel. Nerlinger v. AJR Ents.*, 2006-Ohio-6143, ¶ 10 (10th Dist.) ("*Nerlinger I*"), quoting *Weiss v. Ferro Corp.*, 44 Ohio St.3d 178, 180 (1989). Third, the statute provides a process for rebutting that presumption where a party or their representative fails to receive the required notice. *Weiss* at 180. Fourth, where a party has successfully rebutted the presumption, the statute provides relief by permitting the party to "file a belated appeal to the order, once discovered." *Walls* at ¶ 8.

{¶ 19} R.C. 4123.522 sets forth a process for a party who was entitled to notice to assert that notice was not received:

> If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission.

R.C. 4123.522. Thus, in order to qualify for an extension of time to appeal under R.C. 4123.522, "the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's

representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice." *State ex rel. LTV Steel Co. v. Indus. Comm.*, 2000-Ohio-328, ¶ 8, citing *Weiss* at 180. Once these elements have been established and relief under R.C. 4123.522 is granted, the party is granted an extension of the time to appeal. *See Weiss* at 182 (stating that relief under R.C. 4123.522 "prevails over the general provisions . . . as to the time for appeal").

{¶ 20} Decisions of the commission on requests for relief under R.C. 4123.522 are not appealable to a common pleas court under R.C. 4123.512 but instead must be challenged through a mandamus action. *Walls* at ¶ 12-13, quoting *Felty v. AT&T Technologies, Inc.,* 1992-Ohio-60, ¶ 18 (stating that "[a]n objection to R.C. 4123.522 relief does not fit [the] criterion" for an order appealable to a common pleas court under R.C. 4123.512 because such an objection does not concern the " 'essential decision to grant, to deny, or to terminate the employee's participation or continued participation in the system' "); *State ex rel. Prestige Delivery Sys. v. Schroeder*, 2003-Ohio-3329, ¶ 25 (10th Dist.) ("[T]he order of the commission, whether it be the denial or grant of a R.C. 4123.522 request, is not appealable to the common pleas court pursuant to R.C. 4123.512. Only a mandamus action is available to challenge that order."). Where an order granting or denying relief under R.C. 4123.522 is supported by some evidence in the record, the commission has not abused its discretion. *State ex rel. Hernandez v. Indus. Comm.*, 2021-Ohio-3217, ¶ 26 (10th Dist.).

## C. Whether Commission Abused Its Discretion in Denying Requested Relief

{¶ 21} Noting that R.C. 4123.522 entitles both the employee and their representative with the right to receive written notice of the commission's orders, Cordle asserts that his representative did not receive notice of the commission's January 15, 2025 refusal order. As support for rebutting the presumption of receipt, Cordle points to attorney Schneiberg's affidavit and the arguments made by an attorney from Schneiberg's firm at the hearing on the request for R.C. 4123.522 relief. Cordle argues that the commission abused its discretion in denying relief under R.C. 4123.522 because it failed to specify what evidence was used to deny relief.

{¶ 22} As the commission speaks only through its orders, it has been recognized that "[a]ll matters affecting the rights and obligations of the claimant or employer merit an explanation sufficient to inform the parties and potentially a reviewing court of the basis for the commission's decision." *State ex rel. Yellow Freight Sys. v. Indus. Comm.*, 1994-Ohio-173, 71 Ohio St.3d 139, 142. In this matter, the staff hearing officer's order denying relief under R.C. 4123.522 bears substantial similarities to other orders of the commission reviewed by this Court and the Supreme Court of Ohio. *See Nerlinger I*, 2006-Ohio-6143, at ¶ 13 (10th Dist.); *State ex rel. Nerlinger v. AJR Enters.*, 2007-Ohio-6438, ¶ 7 ("*Nerlinger II*"); *State ex rel. Rumpke Consol. Cos. v. Montague*, 2017-Ohio-6988, ¶ 6 (10th Dist.).

{¶ 23} In *Rumpke* and the *Nerlinger* cases, a party asserted entitlement to relief under R.C. 4123.522 with support from an affidavit indicating an order was not received. In each of the cases, the commission found the order in question was sent to the correct address for the party requesting relief under R.C. 4123.522 and denied relief. These denials were challenged in mandamus based on arguments that the commission failed to adequately explain the basis for its decision. Mandamus was denied in each case because the commission's order was found to contain sufficient explanation. The same or substantially similar circumstances are present in this mandamus action.

{¶ 24} Nothing in the record suggests Cordle did not have an opportunity to present evidence to rebut the presumption of receipt. *Compare Nerlinger I* at ¶ 13. Nor does Cordle "argue that he did not have a hearing, that he could not present evidence or that he had additional evidence or defenses that were excluded." *Id*. Though Cordle refers to statements made at the May 15, 2025 hearing on his request for relief under R.C. 4123.522, no transcript of this hearing appears in the record. *See generally State ex rel. Stevens v. Indus. Comm.*, 2012-Ohio-4408, ¶ 9 (discussing a relator's burden to present evidence, such as a transcript of a hearing, in order to establish entitlement to relief in mandamus).

{¶ 25} Furthermore, "there is no evidence in the record that the commission did not review and consider all of the evidence—including the affidavit—in reaching its decision." *Rumpke* at ¶ 5. The commission was not required to separately indicate in its order that the affidavit submitted in support of the request for relief was reviewed. *See*

*State ex rel. Digiacinto v. Indus. Comm.*, 2020-Ohio-707, ¶ 15 (stating that "the commission is not required to list in its order each piece of evidence that it has considered," but rather "need list only the evidence that the commission *relied on* in reaching its conclusion" (emphasis in original)). Nor was the commission required to explain why the submitted affidavit was not persuasive or even make an explicit finding that it was not persuasive or credible. *See Nerlinger II* at ¶ 7 (stating that "the commission is exclusively responsible for evaluating the weight and credibility of the evidence and need not explain why an affidavit is unpersuasive"). Thus, "despite the absence of an explicit credibility determination," the staff hearing officer "identified the evidence upon which the [staff hearing officer] relied to make [the] determination," i.e., the fact that the order in question was sent to the correct address for Cordle's counsel. *Nerlinger I* at ¶ 13. This was "evidence that was sufficient to create a rebuttable presumption," which Cordle "apparently failed to overcome." *Id.*

{¶ 26} Upon review, the order of the commission that is challenged in this matter does not differ in any material way from those at issue in *Rumpke* and the *Nerlinger* cases. While additional explanation may have been beneficial in understanding the commission's reasoning for denying relief under R.C. 4123.522, the order was supported by sufficient explanation under this precedent. *See Rumpke* at ¶ 5 (noting that while this Court understood the party seeking relief's "frustration with the commission's vague rationale for its decision," this Court was "constrained to follow *Nerlinger I* and *II*").

## D. Conclusion

{¶ 27} For the reasons stated above, Cordle has not established a clear legal right to the requested relief or a clear legal duty on the part of the commission to provide it. Accordingly, it is the decision and recommendation of the magistrate that Cordle's request for a writ of mandamus should be denied.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.